**SO ORDERED.**

**SIGNED this 9th day of August, 2016.**



_____
Robert E. Nugent
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: <br><br> **PRINCELLA V. PHOMVONGSA,** <br><br> Debtor. | Case No. 16-10077 <br> Chapter 7 |

**ORDER ON MOTION FOR TURNOVER OF TAX REFUNDS**

KAN. STAT. ANN § 60-2315 exempts from a debtor's estate the debtor's earned income tax credits (EIC) under federal and Kansas state income tax law, up to the "maximum credit allowed to the debtor under section 32 [of the Internal Revenue Code] . . . for one tax year."[1] This Order addresses the meaning of the "maximum credit allowed *to the debtor*" limitation on the exemption, a question of law.[2]

---

[1] KAN. STAT. ANN § 60-2315 (2015 Supp.), *see also* 26 U.S.C. § 32.
[2] Emphasis added. Interpretation of statutory language is a question of law. *See In re Sauer,* 403 B.R. 722, 726-27 (Bankr. D. Kan. 2009) (rules for interpreting Kansas homestead exemption statute stated and applied).

1

Facts

Princella Phomvongsa filed this case in January of 2016. Her 2015 income tax returns reflected that she would receive federal and state tax refunds, including her earned income credits, of $4,240 and $753 respectively. Her federal EIC is $1,471 and her state EIC is $250. Before she filed this case, she assigned $2,000 of her 2015 refunds to her attorney as fees for filing the case. Her fee assignment reads:

> I, the undersigned, do hereby sell, assign and convey my 2015 and prior years Federal and State income tax refunds to RICK HODGE, ATTORNEY AT LAW, L.C. for and in consideration of the attorney fees of $2,000.00 for the preparation of my voluntary petition in bankruptcy and services rendered therewith.
>
> s/ *Princella Phomvongsa*, 1-21-16, Client.

The trustee and Ms. Phomvongsa agree that she can exempt her EIC. They differ over how much. Ms. Phomvongsa says that she should be able to keep all of her state and federal EIC up to the maximum amount of federal EIC that a taxpayer with one child could receive, $3,359. The trustee says that the Kansas exemption statute limits her exemption to the *actual* amount that she can claim for federal EIC which is $1,471. If that is so, she is effectively precluded from exempting her $250 state EIC.

This dispute comes before the Court on the trustee's motion for turnover of the debtor's 2015 tax refunds.[3] The debtor and the trustee submitted briefs.[4] Ms. Phomvongsa's 2015 Federal Form 1040A tax returns (including her Schedule EIC),

---

[3] Doc. 18.
[4] *See* Doc. 32, 33, 34 and 36. This matter was submitted on briefs by agreement of the parties, there being no dispute of the relevant facts. *See* Doc. 27.

2

Federal EIC Tables, and Kansas Form K40A tax returns were attached as exhibits to the trustee's brief.[5]

Analysis

A debtor's income tax refunds for years prior to the year in which she files are property of the bankruptcy estate that the trustee can claim.[6] But, a debtor can exempt property from the estate using her state's exemption laws if that state has "opted out" under § 522(b)(2).[7] Kansas has.[8] Kansas has enacted a bankruptcy-specific exemption for an individual debtor's earned income tax credits. KAN. STAT. ANN § 60-2315 states:

> An individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.), may exempt the debtor's right to receive tax credits allowed pursuant to section 32 of the federal internal revenue code of 1986, as amended, and K.S.A. 79-32,205, and amendments thereto. An exemption pursuant to this section *shall not exceed the maximum credit allowed to the debtor under section 32 of the federal internal revenue code* of 1986, as amended, *for one tax year*. Nothing in this section shall be construed to limit the right of offset, attachment or other process with respect to the earned income tax credit for the payment of child support or spousal maintenance.[9]

The issues here are (1) what the "maximum credit allowed" language means; and (2) what this debtor's "maximum amount" of exempt EIC is.

In *In re Roy*,[10] I determined that when a debtor's attorney takes an assignment of his client's tax refunds for fees, those attorney fees should be allocated ratably and

---

[5] The chapter 7 trustee, J. Michael Morris, and Rick E. Hodge, Jr., attorney for Ms. Phomvongsa, appear on this matter.
[6] 11 U.S.C. §§ 541 and 542.
[7] 11 U.S.C. § 522(b).
[8] KAN. STAT. ANN § 60-2312(a) (2005).
[9] KAN. STAT. ANN. § 60-2315 (2015 Supp.). Emphasis added.
[10] *See In re Roy*, No. 12-11246, Doc. 39 (Bankr. D. Kan. Sept. 24, 2013) (Nugent, C.J.).

**3**

deducted from the tax refunds based on the comparative amounts of the federal and state refunds.[11] The remainders of those calculations -- the net refunds, if any, are apportioned between the debtor and the estate based on the number of days of the prior year that elapsed before the debtor was actually in bankruptcy (x÷365; where x equals the number of prepetition days).[12] The *Barowsky* proration is easy here because Ms. Phomvongsa didn't file her case until after January 1, 2016, rendering the entirety of her 2015 refunds as the estate's share (365 prepetition days/365=100%) and subject to turnover, minus her EIC exemptions. As Judge Karlin noted in *In re Westby,* the EIC is not part of the *Barowsky* proration, because it is exempt.[13] The estate retains no interest in exempt property.[14] Finally, the debtor's exempt federal and state EICs are subtracted from the estate's share of the federal and state net refunds respectively.

---

[11] The fee assignment is deducted from the tax refunds before the refunds are apportioned between the pre- and post-petition periods. *In re Carson,* No. 05-24327, 2006 WL 3716094 at *3 (Bankr. D. Kan. 2006), *aff'd Redmond v. Carson (In re Carson),* 374 B.R. 247 (10th Cir. BAP 2007).

[12] *Barowsky v. Serelson (In re Barowsky)*, 946 F.2d 1516 (10th Cir. 1991) (Allocating prior year's refund per diem between pre- and post-petition parts of filing year).

[13] *In re Westby,* 473 B.R. 392, 420-21 (Bankr. D. Kan. 2012) (finding *Barowsky* inapplicable to exempt property), *aff'd* 486 B.R. 509 (10th Cir. BAP 2013) (upholding constitutionality of Kansas' EIC exemption statute).

[14] The Court observes that *prior* to the enactment of § 60-2315 in 2011, a Kansas debtor could not claim the EIC exempt. Prior to enactment of the EIC exemption, it would have been included in the tax refund and property of the estate, and therefore subject to the *Barowsky* proration. *Cf. Trudeau v. Royal (In re Trudeau),* 237 B.R. 803, 805-06 (10th Cir. BAP 1999) (tax refund, including EIC, received postpetition was property of the estate; EIC could not be exempted as earnings or public assistance under Wyoming law); *Williamson v. Montgomery (In re Montgomery),* 219 B.R. 913, 916 (10th Cir. BAP 1998) (reversing bankruptcy court's order denying turnover of EICs). *See also Sorenson v. Sec'y of the Treasury of the U.S.,* 475 U.S. 851, 859 (1986) (EIC, as refundable credit, is classified as an overpayment of tax and constitutes a tax refund; the EIC is thus subject to intercept for past due child support obligations).

The trustee applies a plain meaning reading of KAN. STAT. ANN. § 60-2315 to argue that the limiting words "shall not exceed the maximum credit allowed to the debtor under section 32 . . . for one tax year" mean exactly what they say—no matter how much a debtor's total EIC is, she can only exempt up to her "maximum credit" for the applicable tax year under federal law.[15] As he points out, this is only a problem here because, in a case filed other than at the beginning of a new year where only some of the debtor's federal refund will be apportioned to the estate, the federal EIC amount may not be fully utilized when applied to the estate's share, leaving the debtor "room" to deduct some or all of her state EIC from the estate's share of the state refund as well.[16] The debtor argues that, because § 60-2315 purports to exempt the state's EIC, reading the statute in a way that defeats that purpose is incorrect.

There is only one way to read this language.[17] The section plainly limits the exemption to the amount of the "maximum credit" under "section 32," the federal EIC. The limitation doesn't purport to take away the state EIC exemption granted in the

---

[15] The legislature's intent is expressed through the words of the statute. Ordinary words are to be given their ordinary meanings and this court must give effect to the plain and unambiguous meaning of those words. *Miller v. Board of County Com'rs,* 51 Kan. App. 2d 644, 652, 352 P. 3d 1053 (2015). The court's inquiry ends if the statutory language is plain and unambiguous; the plain meaning of the statute controls. *Ceco Concrete Const., LLC v. Centennial State Carpenters Pension Trust,* 821 F.3d 1250, 1258 (10th Cir. 2016).

[16] The Kansas EIC is calculated as a percentage of the taxpayer's federal EIC, currently 17%. *See* KAN. STAT. ANN. § 79-32,205 (2015 Supp.).

[17] The Court presumes that the legislature expressed its intent through the statutory language; if the language is plain and unambiguous, it is not for the court to speculate regarding the legislature's intent nor read into the statute something that is not readily found in it. *Golden Rule Ins. Co. v. Tomlinson,* 300 Kan. 944, 955, 335 P.3d 1178 (2014). A statute is ambiguous when two or more interpretations or meanings can fairly be made. *Link, Inc. v. City of Hays,* 266 Kan. 648, 653, 972 P.2d 753 (1999).

5

preceding sentence. Rather, the section provides that both credits are subject to exemption up to the amount of the federal credit.

What is that "maximum credit allowed?" The statute defines the limitation as the "maximum credit *allowed to the debtor* under section 32." This debtor argues that amount is the largest credit that *any* debtor with one dependent child could receive according to the EIC tables, $3,359.[18] This argument ignores two things: first, that the exemption statute refers to "the debtor," an obvious reference to the "individual debtor" referred to in the first sentence; and second, that the federal EIC phases out as a debtor's earned income increases. Once a taxpayer's earned income exceeds $18,150, the credit begins to decrease.[19] This is consistent with the EIC's purpose as a refundable credit which is to benefit "low-income … heads of households with qualifying dependent children."[20] If the Legislature had sought to peg the exemption limit to the maximum credit *any* debtor could obtain, it would have used the indefinite articles "a" or "any" rather than "the" in the limiting sentence. While convinced that exemptions should be read liberally, I cannot ignore the plain language of the statute.[21] Ms. Phomvongsa's EIC exemption is limited to $1,471, the maximum

---

[18] *See* EIC Table, Doc. 32-2, p. 8.
[19] The EIC Table shows that when earned income is between $18,150 and $18,200, the EIC drops from the maximum of $3,359 to $3,349 for a taxpayer filing as head of household with one child. *See* Doc. 32-2, p. 8.
[20] *In re Earned Income Tax Credit Exemption Constitutional Challenge Cases*, 477 B.R. 791, 797 (Bankr. D. Kan. 2012), *aff'd In re Lea,* 2013 WL 4431267 (D. Kan. Aug. 16, 2013) (Marten, J.).
[21] *Nohinek v. Lodgson*, 6 Kan. App. 2d 342, 345, 628 P.2d 257 (1981) (Liberal construction of exemption laws does not mean that the court can enlarge the exemption or read into the exemption provisions that are not there.).

**6**

federal credit allowed under the EIC table with her earned income of $29,928, head of household filing status, and one child.[22]

Therefore, the Trustee's motion for turnover of the tax refunds should be granted, and the calculation of the amount to be turned over is as follows:[23]

|  |  |  |  | TOTALS |
|---|---|---|---|---|
| Federal Refund 84.92% of total | $4,240.00 | State Refund 15.08% of total | $753.00 | $4,993 |
| Less ratable portion of fee assignment | $(1,698.40) | Less ratable portion of fee assignment | $(301.60) | $(2,000) |
| Net Fed Refund | $2,541.60 | Net State Refund | $451.40 | $2,993 |
| Estate Share[24] 365/365 = 100% | $2,541.60 | Estate Share 365/365 = 100% | $451.40 | $2,993 |
| Less Fed EIC | $(1,471.00) | Less State EIC | $0.00[25] | $(1,471) Exemption limit |
| Federal Refund Subject to Turnover | $1,070.60 | State Refund Subject to Turnover | $451.40 | **$1,522.00** |

The Trustee's motion is GRANTED. The debtor is ordered to turn over $1,522.00.

### # # #

---

[22] *See* EIC Table, Doc. 32-2, p. 10.

[23] The calculations are rounded to the nearest one-hundredth.

[24] *See* n. 12 *supra, Barowsky* proration of net refund between pre-petition period (estate's share) and post-petition period (debtor's share). The *Barowsky* proration determines how much of the refund is property of the estate, an amount that should be determined as of the petition date according to 11 U.S.C. § 541. The EIC may then be exempted from the estate's share of the funds as 11 U.S.C. § 522(b)(2) and KAN. STAT. ANN § 60-2315 provide.

[25] As noted above, deducting the state EIC would result in the debtor exceeding the § 60-2315 exemption limit and is therefore not allowed.